NATHAN B. CAMUTI (SBN 300568)
nate@camutilaw.com
ANDREW R. COWAN (SBN 356310)
andrew@camutilaw.com
CAMUTI LAW GROUP, APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: 949.716.5565

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK DE JESUS ARAGON ALCANTAR, an individual;<br><br>Plaintiff,<br><br>v.<br><br>RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company; ROQUE VENEGAS, an individual; JAIME (JIMMY) HUMILDE, an individual; JOSE (JB) BECERRA, an individual; ALEXIS AGUIRRE, an individual; IVAN RAMIREZ, an individual; GIOVANNI RODRIGUEZ MEZA, an individual; and DOES 1 through 10, INCLUSIVE;<br><br>Defendants. | Case No.: 5:25-cv-01445<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**<br><br>2. **UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)(1)(A)**<br><br>3. **FALSE DESIGNATION OF ORIGIN & FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)**<br><br>4. **TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**<br><br>5. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200**<br><br>6. **COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Erick De Jesus Aragon Alcantar ("Plaintiff"), by and through its
2  undersigned counsel, brings this action against Defendants RANCHO HUMILDE
3  ENTERTAINMENT, LLC ("Rancho Humilde"), ROQUE VENEGAS ("R
4  Venegas"), JAIME (JIMMY) HUMILDE ("J Humilde"), JOSE (JB) BECERRA
5  ("JB Becerra"), ALEXIS AGUIRRE ("A Aguirre"), IVAN RAMIREZ ("I
6  Ramirez"), GIOVANNI RODRIGUEZ MEZA ("G RM"), and DOES 1 through 10,
7  INCLUSIVE (all collectively, "Defendants"), alleging the following:
8
9                      **PRELMINARY STATEMENT**
10    1.    This is an action for infringement of Plaintiff's federally-registered
11  trademarks for "CODICIADO" and "GRUPO CODICIADO" ("Plaintiff's
12  Marks") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair
13  competition and false designation of origin under Section 43(a) of the Lanham
14  Act, 15 U.S.C. § 1125(a), for trademark dilution under the Lanham Act, 15 U.S.C.
15  § 1125(c), and for substantial and related claims of unfair competition under the
16  statutory and common laws of the State of California, all arising from the
17  Defendants' unauthorized use of marks confusingly similar to Plaintiff's Marks in
18  connection with the manufacture, distribution, marketing, advertising, promotion,
19  offering for sale, and/or sale of Defendants' goods and services.
20    2.    Plaintiff seeks both injunctive and monetary relief.
21                           **JURISDICTION**
22    3.    This court has jurisdiction over this action pursuant to 15 U.S.C. §
23  1121, 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b). This Court also has
24  supplemental jurisdiction over Plaintiff's pendant state law claims under 28
25  U.S.C. § 1367.
26    4.    This Court has personal jurisdiction over Defendants because
27  Defendants have purposefully directed their unlawful and damaging commercial
28  activity into the State of California and into this judicial district, and because

Defendants' unlawful commercial activity in this judicial district has caused damage to Plaintiff. This Court has personal jurisdiction over Defendants under at least 28 U.S.C. § 1391(b)(2) in that Defendants have purposefully availed themselves of the laws of this jurisdiction. On information and belief, at least Defendants R Venegas, J Humilde, and JB Becerra reside in this judicial district, and Defendant Rancho Humilde has its principal place of business in this judicial district. As alleged more fully herein, Defendants have marketed, offered for sale, and sold goods and services under marks confusingly similar to Plaintiff's Marks, performing such services and selling such merchandise within this judicial district, thereby committing acts of infringement of Plaintiff's Marks. Defendants have diverted sales and have falsely advertised both in this district and throughout the United States and Mexico by utilizing marks confusingly similar to Plaintiff's Marks in the marketing and distribution of infringing products and services through the internet. Because Defendants have performed, advertised, sold product within, and recorded in this judicial district and reaped the benefit of its laws, it does not offend traditional notions of fair play and substantial justice to hail Defendants into this Court.

5.      Under 28 U.S.C. § 1391, the United States District Court for the Central District of California is the appropriate venue for this action, because (1) the claims at issue in this litigation arose in this district as a result of Defendants' purposeful marketing, distribution, and sale of infringing products and services into and from this judicial district, causing damage and injury to Plaintiff, his brand, and his valuable intellectual property rights, and (2) because as described above Defendants are properly subject to personal jurisdiction in this district.

**PARTIES**

6.      Plaintiff Erick De Jesus Aragon Alcantar is an individual and citizen of Mexico, residing in the state of California and having an address at 15117 Golden Star Ave., Riverside, CA 92506.

1    7.    On information and belief, Defendant Rancho Humilde

2  Entertainment, LLC is a limited liability company formed under the laws of

3  California and has its principal place of business located at 3550 Wilshire Blvd,

4  Suite 106, Los Angeles, CA 90010. At all relevant times, Defendant Rancho

5  Humilde Entertainment, LLC directed and or participated in the tortious actions

6  that have harmed Plaintiff as set forth herein.

7    8.    On information and belief, Defendant R Venegas is an individual

8  residing in the state of California within this judicial district. At all relevant times,

9  Defendant R Venegas directed and or participated in the tortious actions that have

10  harmed Plaintiff as set forth herein. On information and belief, Defendant R

11  Venegas has a principal place of business located at 14345 Garfield Avenue,

12  Paramount, CA 90723.

13    9.    On information and belief, Defendant J Humilde is an individual

14  residing in the state of California within this judicial district. At all relevant times,

15  Defendant J Humilde directed and or participated in the tortious actions that have

16  harmed Plaintiff as set forth herein. On information and belief, Defendant J

17  Humilde has a principal place of business located at 14345 Garfield Avenue,

18  Paramount, CA 90723.

19    10.    On information and belief, Defendant JB Becerra is an individual

20  residing in the state of California within this judicial district. At all relevant times,

21  Defendant JB Becerra directed and or participated in the tortious actions that have

22  harmed Plaintiff as set forth herein. On information and belief, Defendant JB

23  Becerra has a principal place of business located at 14345 Garfield Avenue,

24  Paramount, CA 90723.

25    11.    On information and belief, Defendant A Aguirre is an individual and

26  citizen of Mexico residing in Tijuana, Mexico. At all relevant times, Defendant A

27  Aguirre directed and or participated in the tortious actions that have harmed

28  Plaintiff as set forth herein.

12.    On information and belief, Defendant I Ramirez is an individual and citizen of Mexico residing in Tijuana, Mexico. At all relevant times, Defendant I Ramirez directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

13.    On information and belief, Defendant G RM is an individual and citizen of Mexico residing in Tijuana, Mexico. At all relevant times, Defendant G RM directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

14.    Plaintiff are currently unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same has been ascertained. Plaintiff are informed and believe, and thereon allege, that each Defendant designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages, and liabilities hereinafter alleged and caused injuries and damages proximately caused thereby to Plaintiff, as hereinafter alleged.

15.    Whenever and wherever appearing in this Complaint, each and every reference to defendant, DEFENDANT, DEFENDANTS, and any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

16.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

17.    Plaintiff is informed and believes, and on that basis alleges, that

Defendants' unlawful conduct delineated in this Complaint actually and proximately caused Plaintiff's damages, for which Defendants, each of them including DOES 1 through 10, inclusive, are jointly and severally liable.

18.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants, each of them, including DOES 1 through 10, inclusive, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of its codefendants, or otherwise acting on behalf of each and every remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, co-owner, an agent, representative, partner, employee, supervisor, and/or alter ego of its co-defendants, and at all times herein mentioned, working in concert with his or her co-defendants and was acting with the permission, consent of, and ratification, in concert with, and in conspiracy with, each and every one of the remaining Defendants.

**FACTS**

**A. <u>Plaintiff's Band</u>**

19.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No.'s 7383957, 5924994, and 6099877 on the Principal Register in the United States Patent and Trademark Office for the trademarks "CODICIADO" and "GRUPO CODICIADO" ("Plaintiff's Marks"), registered in connection with downloadable music recordings, music videos, live performance services, and music production, among other goods and services ("Plaintiff's Products"). Attached as Exhibit A are true and correct copies of the registration certificates for Plaintiff's Marks, which have dates of first use of February 11, 2013.

20.    Plaintiff has used Plaintiff's Marks in commerce throughout the United States and Mexico continuously since at least as early as February 11, 2013, in connection with the manufacture, recording, distribution, provision,

- 5 -

COMPLAINT

offering for sale, sale, marketing, advertising, and promotion of Plaintiff's Products. Attached hereto as Exhibit B is a true and correct screenshot of representative samples of Plaintiff's Products as displayed on Google, showing Plaintiff's use of Plaintiff's Marks in connection with these goods and services.

21.    As a result of his widespread, continuous, and exclusive use of Plaintiff's Marks to identify Plaintiff's Products and Plaintiff as the source of the goods and services offered under Plaintiff's Marks, Plaintiff owns valid and subsisting federal statutory and common law rights in Plaintiff's Marks.

22.    Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

23.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under Plaintiff's Marks, including through the internet advertising and sales and through live performances. Plaintiff uses Plaintiff's Marks extensively in these marketing efforts.

24.    Plaintiff offers and sells Plaintiff's Products under Plaintiff's Marks to consumers and concert promoters, including through internet commerce platforms such as Spotify.

25.    As a result of Plaintiff's expenditures and efforts, Plaintiff's Marks have come to signify the high quality of Plaintiff's Products, and Plaintiff's Marks have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

26.    Plaintiff's Marks and the goods and services offered thereunder have received significant unsolicited coverage in various media across the internet, and Plaintiff's songs have hundreds of millions of streams on Spotify.

27.    As a result of its distinctiveness and widespread use and promotion throughout the United States and Mexico, Plaintiff's Marks are a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. ¶

1125(c), and became so prior to the acts of the Defendants alleged herein.

**B. <u>Defendant's Unlawful Activities</u>**

28.    On information and belief, Defendants are engaged in providing, among other goods and services, musical performances, musical recordings, music videos, and downloadable songs.

29.    Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable federal rights in Plaintiff's Marks, Defendants adopted and began using the marks "LOS CODICIADOS" and "LOS CODICIA2" ("Infringing Mark") in interstate commerce.

30.    The Infringing Mark adopted and used by Defendants is practically identical to Plaintiff's Marks. While the "LOS CODICIA2" mark ends in a number, the Spanish pronunciation of "two" is "dos," making both of Defendants' marks effectively "LOS CODICIADOS." This mark differs from Plaintiff's "CODICIADO" mark only in that the final letter is "**-S**" and in the preceding term "LOS." Plaintiff and Defendants are both engaged in the business of providing goods and services related to the music industry, within similar or the same musical genres.

31.    Upon information and belief, Defendants have been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of goods and services using the Infringing Mark throughout the United States and Mexico via the internet. Attached hereto as Exhibit C, Exhibit D, Exhibit E, and Exhibit F are true and correct screenshots displaying examples of Defendants' use of the Infringing Mark.

32.    Upon information and belief, the goods and services Defendants have manufactured, recorded, distributed, provided, promoted, marketed, advertised, offered for sale, and sold under the Infringing Mark are highly related to Plaintiff's Products. Plaintiff and Defendants are effectively direct competitors, marketing to the same consumers with the same interests, offering the same types

1    of goods and services.

2        33.    Upon information and belief, Defendants have manufactured,

3    distributed, recorded, provided, marketed, advertised, promoted, offered for sale,

4    and sold their goods and services under the Infringing Mark in interstate

5    commerce by advertising through the internet and by other means including ticket

6    sales to consumers.

7        34.    Upon information and belief, Defendants offer and sell their goods

8    and services under the Infringing Mark to consumers interested in songs, music

9    videos, and music recordings, which constitutes the same class of consumers

10   Plaintiff offers his goods and services to.

11       35.    Despite cease-and-desist letters which provided clear notice of their

12   infringing conduct, Defendants have not halted their activities or responded to

13   Plaintiff's efforts, instead continuing to offer their infringing products and

14   services to consumers. Defendants' actions thus constitute knowing infringement.

15       36.    Defendants' infringing acts as alleged herein have caused and are

16   likely to cause confusion, mistake, and deception among the relevant consuming

17   public as to the source or origin of the Defendants' goods and services and have

18   and are likely to deceive the relevant consuming public into believing,

19   mistakenly, that Defendants' goods and services originate from, are associated or

20   affiliated with, or otherwise authorized by Plaintiff.

21       37.    Because of the similarity of the marks and relatedness of the goods at

22   issue, consumers have a high likelihood of mistakenly confusing Defendants'

23   offerings with Plaintiff's Products.

24       38.    Upon information and belief, Defendants' acts are willful with the

25   deliberate intent to trade on the goodwill of Plaintiff's Marks, cause confusion

26   and deception in the marketplace, and divert potential sales of Plaintiff's Products

27   to Defendants. Defendants A Aguirre, JB Becerra, R Venegas, J Humilde, and

28   Rancho Humilde in particular all have a prior business relationship with Plaintiff,

1  and were aware of Plaintiff's valuable intellectual property rights because of this

2  prior relationship before the acts of infringement occurred.

3      39.    Defendants' acts are causing and, unless restrained, will continue to

4  cause incalculable damage and immediate irreparable harm to Plaintiff and to his

5  valuable reputation and goodwill with the consuming public for which Plaintiff

6  has no adequate remedy at law.

7                    **<u>COUNT I</u>**

8      **<u>TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114</u>**

9      40.    Plaintiff realleges and incorporates by reference Paragraphs 1

10  through 39 of the Complaint as though fully set forth herein.

11      41.    Defendants' unauthorized use in commerce of the Infringing Mark as

12  alleged herein is likely to deceive consumers as to the origin, source, sponsorship,

13  or affiliation of Defendants' goods and services, and is likely to cause consumers

14  to believe, contrary to fact, that Defendants' goods and services are sold,

15  authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some

16  way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore

17  constitutes trademarks infringement in violation of Section 32(1) of the Lanham

18  Act, 15 U.S.C. § 1114(1).

19      42.    Upon information and belief, Defendants have committed the

20  foregoing acts of infringement with full knowledge of Plaintiff's prior rights in

21  Plaintiff's Marks and with the willful intent to cause confusion and trade on

22  Plaintiff's goodwill.

23      43.    Defendants' conduct is causing immediate and irreparable harm and

24  injury to Plaintiff, and to its goodwill and reputation, and will continue to both

25  damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has

26  no adequate remedy at law.

27      44.    Plaintiff is entitled to, among other relief, injunctive relief and an

28  award of actual damages, Defendants' profits, enhanced damages and profits,

1 reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the
2 Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-
3 judgment interest.

4 ### COUNT II

5 ### UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

6 45.    Plaintiff realleges and incorporates by reference Paragraphs 1
7 through 39 of the Complaint as though fully set forth herein.

8 46.    Defendants' unauthorized use in commerce of the Infringing Mark as
9 alleged herein is likely to deceive consumers as to the origin, source, sponsorship,
10 or affiliation of Defendants' goods and services, and is likely to cause consumers
11 to believe, contrary to fact, that Defendants' goods and services are sold,
12 authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some
13 way affiliated with or sponsored by Plaintiff.

14 47.    Defendants' unauthorized use in commerce of the Infringing Mark as
15 alleged herein constitutes use of a false designation of origin and misleading
16 description and representation of fact.

17 48.    Upon information and belief, Defendants' conduct as alleged herein
18 is willful and is intended to and is likely to cause confusion, mistake, or deception
19 as to the affiliation, connection, or association of Defendants with Plaintiff.

20 49.    Defendants' conduct as alleged herein constitutes unfair competition
21 in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22 50.    Defendants' conduct as alleged herein is causing immediate and
23 irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and
24 will continue to both damage Plaintiff and confuse the public unless enjoined by
25 this court. Plaintiff has no adequate remedy at law.

26 51.    Plaintiff is entitled to, among other relief, injunctive relief and an
27 award of actual damages, Defendants' profits, enhanced damages and profits,
28 reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the

Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

<u>**COUNT III**</u>

<u>**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(B)**</u>

52.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

53.    Defendants' unauthorized use in commerce of Plaintiff's Marks and/or a confusingly similar variation thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' alleged goods and services, and likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

54.    Defendants' unauthorized use in commerce of Plaintiff's Marks and/or a confusingly similar variation thereof as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55.    Upon information and belief, Defendants' conduct as alleged herein is willful, is intended to, is likely to, and has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

56.    Defendants' conduct as alleged herein constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

57.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

58.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits,

1    reasonable attorneys' fees, and costs of the action under §§ 34 and 35 of the

2    Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-

3    judgment interest.

4    ## COUNT IV

5    ## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

6        59.    Plaintiff realleges and incorporates by reference Paragraphs 1

7    through 39 of the Complaint as though fully set forth herein.

8        60.    Plaintiff's Marks are distinctive due to Plaintiff's long use,

9    marketing, and extensive sales, making Plaintiff's Marks famous within the

10   meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

11       61.    Plaintiff's Marks became distinctive and famous prior to Defendants'

12   acts alleged herein.

13       62.    Defendants' acts as alleged herein have diluted and will, unless

14   enjoined, continue to dilute and are likely to dilute the distinctive quality of

15   Plaintiff's famous trademarks.

16       63.    Defendants' acts as alleged herein have tarnished and will, unless

17   enjoined, continue to tarnish or are likely to tarnish Plaintiff's Marks by

18   undermining and damaging the valuable goodwill associated therewith.

19       64.    Defendants' acts as alleged herein are intentional and willful in

20   violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff

21   irreparable damage and will, unless enjoined, continue to so damage Plaintiff,

22   who has no adequate remedy at law.

23       65.    Plaintiff is entitled to, among other relief, an award of actual

24   damages, Defendants' profits, enhanced damages and profits, reasonable

25   attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham

26   Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment

27   interest.

28   ///

1    ///

2    <u>**COUNT V**</u>

3    **<u>UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200, et seq.</u>**

4        66.    Plaintiff realleges and incorporates by reference Paragraphs 1

5    through 39 of the Complaint as though fully set forth herein.

6        67.    By engaging in the acts and practices as alleged throughout this

7    Complaint, Defendants have committed acts of unfair competition, as that term is

8    defined and used in the Cal. Bus. & Prof. Code § 17200, et seq., which prohibits

9    "any unlawful, unfair, or fraudulent business act or practice. . ."

10       68.    Under California law, a business practice is unlawful if it is

11   forbidden by law.

12       69.    Under the UCL, whether a business practice is "fair" involves a

13   balance of the impact of such conduct on its alleged victims versus the reasons,

14   justification, and motive of the alleged wrongdoer.

15       70.    Plaintiff is within the class intended to be protected by California

16   Business & Professions Code § 17200.

17       71.    As alleged throughout this complaint, Defendants, and each of them,

18   have intentionally, deliberately, and willfully engaged in infringing actions upon

19   Plaintiff's Marks without express authorization and/or consent of Plaintiff.

20   Specifically, Defendants, without the consent and/or authorization of Plaintiff,

21   have intentionally, deliberately, and willfully used and/or otherwise exploited

22   Plaintiff's Marks and/or confusingly similar variations thereof in commerce, in an

23   effort to advertise, promote, market, solicit, and sell Defendants' goods and

24   services.

25       72.    Additionally, as delineated herein, Defendants have intentionally,

26   deliberately, and willfully copied and/or otherwise used Plaintiff's Marks and/or

27   confusingly similar variations thereof in connection with their efforts to advertise,

28   promote, market, solicit, and sell their competing goods and services.

73.     Such acts as delineated within this Complaint, taken cumulatively, against Defendants rise to the level of deceptive, unfair, unlawful, and wrongful conduct.

74.     By reason of Defendants' deceptive, unfair, unlawful, and wrongful conduct, Defendants have violated California Business & Professions Code § 17200, by consummating an unlawful, unfair, and fraudulent business practice, designed to intentionally deceive the consuming public into believing that Defendants and the services being offered in commerce by Defendants are endorsed by and/or otherwise affiliated with Plaintiff.

75.     Specifically, as a consequence of Defendants' acts and omissions, Plaintiff is entitled to a preliminary and permanent injunction against Defendants restraining them, and each of them, from misappropriation and false utilization of Plaintiff's Marks as well as any confusingly similar variations thereof from any further effort, publication, or act and omission which has the effect of leading Plaintiff's customers and the general public into believing there is any affiliation of any kind whatsoever between Plaintiff and Defendants.

76.     The actions of Defendants are willful and malicious. Therefore, Plaintiff is entitled to exemplary damages in an amount necessary and sufficient to ensure that no further incidents, replication, or similar occurrence regarding the rights of Plaintiff occur at any time in the future and is a message that such obstinate and despicable conduct is not tolerated in a civilized society.

## COUNT VI

## COMMON LAW TRADEMARK INFRINGEMENT

77.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

78.     Plaintiff has established significant goodwill and favorable public recognition in Plaintiff's Marks through extensive use of the marks throughout California and in interstate commerce in connection with Plaintiff's goods and

1    services.

2          79.    Without Plaintiff's consent, authorization, or knowledge, Defendants

3    have used and continue to use Plaintiff's Marks and/or a confusingly similar

4    variation thereof in connection with the sale, offering for sale, distribution,

5    provision, or advertising of their goods and services, thereby trading upon the

6    goodwill associated with Plaintiff, and misleading the public into believing a

7    connection or association exists between Defendants and Plaintiff.

8          80.    Defendants' acts of infringement have caused and are likely to cause

9    consumer confusion and to mislead and deceive the consuming public as to the

10   source of Defendants unauthorized goods or services, enable Defendants to pass

11   off their unauthorized goods or services as Plaintiff's goods or services, and

12   falsely suggest a connection between Defendants and Plaintiff. Defendants'

13   actions thus violate the common law of the State of California.

14         81.    As a direct and proximate result of Defendants' infringing activities,

15   Plaintiff has suffered and will continue to suffer significant damage in the form of

16   loss of revenue, income, profits, and goodwill, which will increase if not enjoined,

17   and Defendants have unfairly acquired and will continue to unfairly acquire

18   revenue, income, profits, and goodwill and unjustly enrich themselves at

19   Plaintiff's expense.

20         82.    Defendants' trademark infringement will also continue to cause

21   irreparable harm if Defendants are not restrained by this Court from further

22   violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the

23   harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's

24   goodwill, market share, and mark and brand control due to Defendants'

25   infringement. Plaintiff is therefore entitled to and seeks temporary and permanent

26   injunctive relief.

27         83.    Defendants' infringement was and is tortious, malicious, outrageous,

28   oppressive, fraudulent, made in bad faith, and in conscious disregard of Plaintiff's

rights. Accordingly, in addition to general and compensatory damages, Plaintiff should be awarded exemplary, punitive, and treble damages sufficient to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and requests judgment against Defendants as follows:

1.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Sections 43(a) and (c) of the Lanham Act (15 U.S.C. §§ 1125(a)(1), 1125(c)).

2.    That Defendants have violated California Business & Professions Code § 17200, et seq., and California common law.

3.    That Defendants actions in doing so were willful.

4.    Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote goods and services bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

b.    engaging in any activity that infringes Plaintiff's rights in Plaintiff's Marks;

c.    engaging in any activity constituting unfair competition with Plaintiff;

d.    making or displaying any statement, representation, or

- 16 -
COMPLAINT

depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

      e.    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

      f.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiff's Marks, or any of Plaintiff's Products, or Plaintiff as their source; and

      g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods or services.

6.    Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of

any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States and Mexico that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Marks, and to immediately remove them from public access and view.

7.    Directing that Defendants recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, stickers, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Marks.

8.    Directing Defendants to formally abandon with prejudice any and all of their applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.    Directing Defendants to cancel with prejudice any and all of their registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11.    Awarding Plaintiff an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.    Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.    Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

///

///

///

16.    Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  June 10, 2025                            By:  /s/ Andrew Robert Cowan

Andrew R. Cowan, Esq.
andrew@camutilaw.com
CAMUTI LAW GROUP APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: 949.716.5565

*Attorneys for Plaintiff*

COMPLAINT