UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01445-SSS-DTBx | Date | June 25, 2025 |
| Title | Erick De Jesus Aragon Alcantar v. Rancho Humilde Entertainment, LLC et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S SECOND APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 28]**

Before the Court is a Second Ex Parte Application for Temporary Restraining Order ("Application") filed by Plaintiff Erick De Jesus Aragon Alcantar. [Dkt. 28]. For the reasons articulated below, the Court **DENIES** the Application. [*Id*.].

First, the Application again does not comply with notice requirements. The Court denied Alcantar's first application for a temporary restraining order for failure to demonstrate adequate notice to opposing counsel as required by Local Rule 7-19.1. [*See* Dkt. 27]. In the present Application, Alcantar supplied a declaration attesting to notice to opposing counsel – but only provided counsel notice of the *first* application. [Dkt. 28-2 ¶¶ 2–4, Exs. A, B, C]. Alcantar gives no indication he provided notice to opposing counsel of the *current* Application pending in front of the Court. [*Id*.].

Second, the Application does not establish irreparable harm sufficient to warrant extraordinary relief. For the Court to award the requested relief, Alcantar must make a "clear showing" he is "likely to suffer irreparable harm in the absence of preliminary relief." See *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 22

(2008). "Speculative injury" is insufficient; a plaintiff "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Alcantar contends he faces irreparable harm because Defendants are imminently releasing his copyrighted material. [Dkt. 28 at 10, 14–16]. However, Alcantar has not made a clear showing Defendants will imminently release his song. As the Court previously noted, [Dkt. 27 at 2 n.1], the sole basis for Alcantar's conclusion Defendants will release the song is a social media post by Defendant Humilde that Defendants have since taken down. [Dkt. 28 at 11]. The post contains a video of Alcantar singing that Alcantar sent to Humilde. [*Id*.]. The caption states "We'll release [the song] next week on all digital platforms." [Dkt. 29 ¶ 3].

Taken together, this does not rise to a clear showing of imminent harm. First and most importantly, Humilde removed the post indicating he would release the song. Second, the post language is unclear; "We'll release it" suggests Humilde believed both him and Alcantar would release the song together. Third, Alcantar again provides no explanation of his and Humilde's "prior business relationship" and why Alcantar sent Humilde the video in the first place. [*See* Dkt. 28 at 11].

Without proper notice to opposing counsel and a clear showing of irreparable harm, the Court cannot award Alcantar the relief he requests. Further, the Court previously indicated these deficiencies in Alcantar's first application, [Dkt. 27], and yet the deficiencies remain. Accordingly, the Court **DENIES** Alcantar's Application. [Dkt. 28].

**IT IS SO ORDERED.**