UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-01445-SSS-DTBx | Date | August 5, 2026 |
|---|---|---|---|
| Title | *Erick De Jesus Aragon Alcantar v. Rancho Humilde Entertainment, LLC et al.* | | |

Present: The Honorable      SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING WITHOUT
PREJUDICE DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING RESOLUTION OF THE IMPI
NULLITY PROCEEDING [DKT. NO. 72]**

Before the Court is Defendants and Counterclaimants Rancho Humilde Entertainment, LLC, Jaime (Jimmy) Humilde, Roque Venegas, and Jose (JB) Becerra's Motion to Stay all proceedings in this action, including discovery and all pretrial deadlines, pending resolution of an administrative nullity proceeding before the Instituto Mexicano de la Propiedad Industrial ("IMPI"). [Dkt. No. 72, "Motion"]. Plaintiff and Counter-Defendant Erick De Jesus Aragon Alcantar opposed, [Dkt. No. 73], and Defendants replied, [Dkt. No. 74]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **DENIES** the Motion **WITHOUT PREJUDICE**. [Dkt. No. 72].

I.    BACKGROUND

Plaintiff filed this action on June 10, 2025, asserting claims for trademark infringement, unfair competition, false designation of origin, and dilution under the Lanham Act, together with related state-law claims, premised on three U.S. trademark registrations he holds individually for the marks CODICIADO and

GRUPO CODICIADO. [Dkts. No. 1, 24]. On March 19, 2026, Defendants filed counterclaims seeking cancellation of all three registrations on grounds of fraud in procurement and lack of ownership. [Dkt. No. 67]. Defendants contend that the marks were created and used collectively by a five-member Sociedad de Hecho formed in 2015, that the partnership was never dissolved, and that Plaintiff's individual registrations rest on false declarations of sole ownership and of a February 11, 2013 first-use date.

## II.    LEGAL STANDARD

For the Motion to Stay, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 259 (1936).

In deciding whether to enter a stay, the Court weighs three considerations: (1) the possible damage that may result from granting a stay; (2) the hardship or inequity a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that a stay is expected to produce. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

Where the requested stay is potentially indefinite in duration, the moving party bears a heightened burden and must make out a clear case of hardship or inequity in being required to go forward. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255). A stay tied to independent proceedings must be limited to a reasonable time. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

## III.    DISCUSSION

### A.    The IMPI Proceeding Is Not Yet Postured To Provide Any Assistance to This Court

The orderly-course-of-justice factor asks whether a stay would simplify the issues, proof, and questions of law before the Court. *CMAX*, 300 F.2d at 268. A stay may be warranted pending an independent proceeding whose findings, though not binding or preclusive, may be of valuable assistance to the Court. *See Leyva v.*

CIVIL MINUTES— GENERAL         Initials of Deputy Clerk iv

*Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).  However, on the present record, the IMPI proceeding is not yet in a posture to provide such such assistance.

According to Defendants' own Mexican trademark counsel, as of the filing of the motion IMPI had merely confirmed receipt of the petition on February 26, 2026.  [Dkt. No. 72-1, "Barrios Decl." ¶¶ 9–11].  On this record, IMPI had not issued the *auto de admisión* formally admitting the petition, had not effected service on Plaintiff, and the period for Plaintiff to respond had not yet commenced.  [*Id.* ¶¶ 10–11].  Counsel estimates that an initial administrative ruling will issue approximately twelve months after filing, and that any such ruling may then be challenged through an internal *recurso de revisión* and, thereafter, an *amparo* proceeding in the Mexican federal courts.  [*Id.* ¶¶ 13–15].  The independent proceeding to which Defendants ask this Court to defer has thus produced no findings of any kind, and its endpoint is currently indeterminate.

The "valuable assistance" that *Leyva* discusses involves a parallel proceeding capable of developing a record.  Where, as here, the foreign petition has not been admitted, no respondent has been served, and no evidentiary process has begun, any assistance the proceeding might eventually provide is speculative.

### B.    Defendants Have Not Carried Their Heightened Burden

Because the requested stay is tied to a proceeding of indeterminate duration, running at minimum through an initial ruling estimated at twelve months and potentially through subsequent administrative and judicial review, Defendants bear a heightened burden to make out a clear case of hardship or inequity in being required to go forward.  *Lockyer*, 398 F.3d at 1110; *Dependable Highway Express*, 498 F.3d at 1066–67.  Defendants identify the burden of litigating overlapping factual questions in two fora and the risk of inconsistent findings.  And while the Court acknowledges those concerns, at this juncture, they remain contingent on IMPI's admission of the petition and commencement of an evidentiary process that has not begun, and the Court cannot find on this record that the balance of hardships clearly favors suspending this action indefinitely.

### C.    The Stay Would Reach Claims and Registrations With No Counterpart Before IMPI

Additionally, the IMPI petition challenges a single Mexican registration for the mark CODICIADO.  [Dkt. No. 72-3].  Two of the three U.S. registrations asserted in this action, the GRUPO CODICIADO registrations, have no

CIVIL MINUTES—
GENERAL       Initials of Deputy Clerk iv

counterpart in the IMPI proceeding, and Plaintiff's infringement claims turn on use in United States commerce governed by the Lanham Act.  Defendants respond that the questions of ownership and first use are common to all three registrations, and that any stay could be tailored to those shared issues.  That argument may have force once IMPI is actually developing a record on those questions.  It does not justify staying the entire action, including claims with no foreign analog, in advance of the petition's admission.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Stay **WITHOUT PREJUDICE**.  [Dkt. No. 72].  Defendants may renew their motion upon IMPI's formal admission of the nullity petition, or upon the issuance of an IMPI decision, at which time the Court may assess the *Landis* factors on a developed record.  The parties shall proceed with discovery and pretrial deadlines in accordance with the operative scheduling order.  [Dkt. No. 77].

**IT IS SO ORDERED.**